FILED

SEP 2 9 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTER DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 10-19733-B-12 |
| James Alan Pandol, | ) | DC No. WW-1 |
| Debtor. | ) | |

## MEMORANDUM DECISION REGARDING MOTION TO DISMISS CHAPTER 12 PROCEEDING

This disposition is not appropriate for publication. Although it may cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Riley C. Walter, Esq., of Walter & Wilhelm Law Group, appeared on behalf of Pandol Brothers, Inc., Ranch 50, LLC, Winifred Pandol, individually and as Trustee of the Jack and Winifred Pandol Family Trust (the "Creditors").

Phillip W. Gillet, Jr., Esq., appeared on behalf of the debtor, James Alan Pandol (the "Debtor").

Before the court is a motion to dismiss this chapter 12 bankruptcy case on the grounds that (1) the Debtor is not eligible for relief under chapter 12 and (2) the petition was filed in bad faith (the "Motion"). The Motion also asks the court to impose a 180-day bar against filing another bankruptcy petition. For the reasons set forth below, the Motion will be granted.

This memorandum decision contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052.

44.

The bankruptcy court has jurisdiction over this matter under 28 U.S.C. § 1334, 11 U.S.C. § 1208[1] and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(K).

**Background**

This is the third chapter 12 petition filed by this Debtor in close succession. The moving parties here, Pandol Brothers, Inc., Ranch 50, LLC, and Winifred Pandol (hereafter "Creditors") have filed motions to dismiss all three petitions. The first petition (case number 09-62162-B-12) was dismissed by this court on June 15, 2010, after a noticed hearing at which the court determined the Debtor was not a "family farmer" within the meaning of § 101(18)(A).[2] The Debtor did not appeal that decision. Instead, one day after the first case was dismissed, the Debtor filed another chapter 12 petition (case number 10-16738-A-12).[3] The Creditors' second motion to dismiss came before Judge Whitney Rimel on August 2, 2010. The Debtor was unable to show a change of circumstances and Judge Rimel dismissed the second case, giving effect to this court's ruling in the first case that the Debtor was not eligible for relief under chapter 12.

The Debtor filed this third petition under chapter 12 three weeks later, on

_____

[1]Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

[2]All of the Debtor's farming activity is conducted by Quinto Farms, LLC, a corporation which the Debtor owns, but from which he reported drawing little, if any, income.

[3]At the hearing on the motion to dismiss the first case, the court gave the Debtor an opportunity to convert the case to chapter 11. The Debtor's counsel requested 12 days to make that decision. The Debtor did not use that time to convert to chapter 11. Instead, he used the time to prepare another bankruptcy petition.

1   August 24, 2010. At a noticed hearing on September 9, 2010, the court denied the

2   Debtor's motion to impose the automatic stay under § 362(c)(4)(B) on the grounds

3   that the Debtor had failed to establish his "good faith." The court also gave a ruling

4   pursuant to § 362(c)(4)(A)(ii) confirming that no automatic stay is in effect. That

5   order was entered on September 10, 2010. The court set a briefing schedule and

6   took under submission this Motion and a separately docketed motion by the

7   Creditors for the imposition of sanctions.

8   **Eligibility**

9       The Creditors contend that the Debtor is still not eligible for chapter 12

10  relief. The Debtor has the burden of proof to show that he is a "family farmer."

11  This issue has already been adjudicated in both of the prior cases. The Debtor did

12  not appeal either of those rulings and he has failed to show any change of

13  circumstances since the last (second) case was dismissed. Accordingly, dismissal is

14  again appropriate based on the lack of eligibility.

15  **Bad Faith**

16      The Creditors contend that the Debtor is a "serial filer" and that he has filed

17  three petitions in an effort (1) to inhibit the prosecution of pending trademark

18  litigation against the Debtor and (2) to prevent other creditors from enforcing their

19  foreclosure remedies against his real property. Section 1208(c) authorizes the

20  bankruptcy court to dismiss a case for cause. Although not specifically listed as one

21  of the enumerated circumstances, bad faith may constitute "cause" for dismissal.

22  *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999) (bad faith held to

23  be cause for dismissal under chapter 13's parallel statute, § 1307(c)). In determining

24  whether a debtor filed his or her petition in bad faith, a court must apply a totality of

25  the circumstances test, taking into account the following factors:

26      (1) whether the debtor "misrepresented facts in his [petition or] plan, unfairly
        manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13
27      [petition or] plan in an inequitable manner."

28      (2) "the debtor's history of filings and dismissals,"

3

1    (3) whether "the debtor only intended to defeat state court litigation," and

2    (4) whether egregious behavior is present.

3    *Id.* at 1224 (citations omitted).  Fraudulent intent by the debtor is not required for a

4    finding of bad faith.  *Id.*

5    When the Debtor filed this petition, after two prior dismissals, there arose a

6    presumption that the case was not filed in good faith for purposes of determining

7    whether to impose the automatic stay.  § 362(d)(4)(D).  If a debtor seeks to impose

8    the automatic stay under § 362(d)(4)(B), that presumption must be rebutted by clear

9    and convincing evidence.  § 362(d)(4)(D).  As noted above, the Debtor was unable to

10   rebut the presumption necessary to impose the automatic stay, but that does not

11   make the presumption go away.  Although the burden of proof may be different

12   under § 1208(c), for the purposes of dismissal the court may still look to the "bad

13   faith" presumption under § 362(d)(4)(D) which shifts to the Debtor the burden of

14   proving his "good faith."

15   Here, the Debtor contends that he intended to file a chapter 12 petition for his

16   corporation, Quinto Farms, LLC ("Quinto") and move to consolidate or jointly

17   administer his case with the Quinto case.  But the Debtor did not file a petition for

18   Quinto until September 8, 2010 (case number 10-60375-A-12), one day before the

19   hearing on this Motion.  The Quinto case was not designated as a "related case" and

20   was not assigned to this court; there has been no determination of Quinto's "family

21   farmer" status.  However, the Debtor cites no authority for the proposition that a

22   non-family-farmer can make himself eligible for chapter 12 relief by consolidating

23   or jointly administering his case with a family-farmer case.  Looking at the "totality

24   of the circumstances," and particularly the 2nd, 3rd and 4th elements noted above from

25   *Leavitt*, this court is persuaded that there was no meritorious basis for the Debtor to

26   file the 2nd and 3rd chapter 12 petitions, especially after this court gave him an

27   extended period of time to convert the first case to chapter 11 and remain under the

28

4

protection of the Bankruptcy Code.[4]

**Bar Against Refiling**

The Creditors also request an order barring the Debtor from refiling another petition for a period of 180 days. These serial filings have interfered with the creditor Pandol Bros. Inc.'s ability to prosecute its trademark litigation against the Debtor and have substantially increased the Creditors' cost of trying to do so. The bankruptcy court has the authority to bar a "bad faith" debtor from refiling another petition as part of the court's inherent power to prevent abusive behavior and to manage the practice of law in the cases that come before it. Moreover, the Bankruptcy Code itself authorizes the court to dismiss an individual or "family farmer" case with a 180-day bar against refiling if "the case is dismissed by the court for willful failure of the debtor to *abide by orders of the court*." § 109(g) (emphasis added).

The term "abide" is defined to mean "to obey: to act in accordance with or in conformity to." *Blacks Law Dictionary* 4 (9th ed. 2009). Here, it is clear that the Debtor's intentional refiling of the second and third chapter 12 bankruptcy petitions, shortly after two courts ruled that the Debtor was not eligible for chapter 12 relief, constitutes a willful failure to abide by, or act in conformity with, the orders dismissing the first and second chapter 12 petitions. Accordingly, dismissal of this case with a 180-day bar against refiling appears to be not only warranted, but appropriate.

**Conclusion**

Based on the foregoing, the court finds and concludes that the Debtor is not eligible for relief under chapter 12 and that this third chapter 12 petition was filed in

---

[4]In response to this Motion, the Debtors explains why he decided not to convert the first case to chapter 11. In summary, the Debtor did not want to shoulder the responsibility and the accountability, and the added expenses associated with being a debtor-in-possession in chapter 11.

1    bad faith.  Cause exists for dismissal under § 1208(c).  The court also finds and

2    concludes that a 180-day bar against refiling is warranted under § 109(g).  The court

3    will reserve jurisdiction to decide the Creditors' motion for sanctions currently

4    under submission.

5    　　　　Dated: September ___29___, 2010

6

7

8    　　　　　　　　　　　　　　W. Richard Lee
                              United States Bankruptcy Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28